# UNITED BROTHERS OF FRIENDSHIP AND SISTERS OF THE MYSTERIOUS TEN OF OKLAHOMA v. DELANCY et al.

No. 7515—Opinion Filed May 16, 1916.
Rehearing Denied June 13. 1916.
(157 Pac. 1150.)

**Corporations — Receivers—Procedure—Evidence.**

The record in this case examined, and it appearing that the judgment of the trial court is supported by the evidence and the law, the same is affirmed.

(Syllabus by Hooker, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by the United Brothers of Friendship and Sisters of the Mysterious Ten of Oklahoma against P. M. Delancy and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Cornelius J. Jones, for plaintiff in error.

Brown & Stewart, for defendants in error.

Opinion by HOOKER, C. Plaintiff in error filed its suit on September 19, 1914, claiming to be a domestic corporation, incorporated for benevolent purposes out of an unincorporated organization, and it alleged in its petition in this cause that P. M. Delancy, B. W. Bradley, and M. H. Martin were holding themselves out as its officers, and as such they had received and were wrongfully holding property belonging to it. It sought to require the defendants in error to show by what authority they claimed to be officers of the plaintiff corporation, and also pending the hearing of said matter it sought to appoint a receiver of the property which it alleged was in the possession of said defendants in error.

The defendants in error denied all of the allegations of the plaintiff's petition and alleged that in 1897 there was organized in Oklahoma Territory a corporation under the name of the "United Brothers of Friendship and Sisters of the Mysterious Ten of Oklahoma Territory," which was organized out of a voluntary membership, and that the same was doing business as a fraternal body prior to statehood, both in Oklahoma and Indian Territory, and that in 1914, prior to the institution of this action, the old corporation was reincorporated under the laws of the state of Oklahoma and authorized by the insurance department of said state to do business in the state of Oklahoma; that the defendants in error were officers of the reincorporated concern, and that they had been officers of the old corporation for many years prior to its reincorporation; and that the only property that they held belonged to the reincorporated organization, of which the defendants in error were the duly authorized and acting officers, and that they had no property belonging to the plaintiff whatever. To this answer an unverified reply was filed. The trial court heard the evidence, denied the appointment of a receiver, and likewise refused to adjudge that the defendants in error were usurping any functions, powers, or duties as officials of the plaintiff in error, or that said defendants in error held any property of any character belonging to said plaintiff in error. To reverse this judgment an appeal was had to this court.

We have carefully read this record, and are of the opinion that the judgment of the trial court is right, for the evidence here not only fails to establish that the defendants in error are acting as officers of the plaintiff in error, and as such have property in their possession belonging to said plaintiff in error, but, upon the contrary, conclusively establishes that the defendants in error are officers of a duly authorized body other than that of the plaintiff in error, which was authorized to do business in this state prior to the institution of this suit, and that the property in their possession belonged to that organization, of which the defendants in error were officers, and with which plaintiff in error had no connection.

The trial court was also correct in refusing to transfer the cause to the federal court on the motion of the plaintiff in error for the record here discloses that said parties, each and all of them, were residents of the Eastern district of the state of Oklahoma, and that there was no diversity of citizenship and the plaintiff in error having elected the forum in which to institute its action, and no sufficient reason having been shown for its removal to the federal court, the trial court properly refused to grant its motion.

There being no error in the record, the judgment of the lower court is affirmed.

By the Court: It is so ordered.